PLEADING——PRACTICE.

### Jesse C. Farrar *vs.* George Baber.

*Certiorari.*

1. An action of Debt will not lie, to recover for the loan of a collateral article.

2. Nor will indebitatus assumpsit.

3. After opening a judgment by default, the defendant may avail himself of any radical defect, in plaintiff's declaration.

This certiorari was granted, at the instance of the plaintiff, for the purpose of correcting certain errors, alleged to have been committed, by the Inferior Court, in a suit, commenced by plaintiff, against defendant, upon the hearing of which a non-suit had been awarded. The petition alleges, that plaintiff instituted his action of debt, against defendant, in said Inferior Court, on an instrument in writing, in substance as follows: "Borrowed of Jesse C. Farrar, one hundred and fifty dollars, in July Scrip eighteen hundred and forty one, dated October the second, eighteen hundred and forty one,"—which was in the usual form of the action of debt, and that there was an averment, in the declaration, that the scrip was worth seventy-five cents to the dollar; that said action was returnable to the June term, 1842, of said Court, and that, at said term, defendant failed to appear, and judgment by default was entered; and that, at December term, he paid the cost, and opened the default, and filed his plea, and then excepted to plaintiff's declaration, upon the following grounds:

1st. That the action was improperly brought in debt; that it should have been assumpsit.

2d. That the declaration contained no legal cause of action, there being no promise, on the part of defendant, to pay the sum borrowed, and that the demand was not for money.

3d. That said declaration contained no averment, that the loan

P

was made by plaintiff, at the instance and request of defendant, and that said declaration contained no *super se assumpsit*.

The Court sustained the exceptions taken to the declaration, and awarded a non-suit. Certain exceptions were taken to their decision, which they refused to sign. A writ of certiorari was then applied for, and obtained, directed to the Clerk of said Inferior Court; and in compliance with said writ, he has sent up the declaration; and as the errors complained of depend, entirely, upon the sufficiency, or insufficiency, of the declaration, it is only necessary to examine it, for the purpose of determining said Certiorari. Two questions arise, in this investigation—1st : Whether the declaration be defective. 2d : If so, whether they were such defects, as could have been taken advantage of at that stage of the case.

First, then, as to the proper action, whether it should have been debt, or assumpsit. It is contended on the one hand, that an action of debt could not be maintained, on this instrument, because it contains no promise to pay any thing; and if a promise could be implied, from the fact of borrowing, it would only be a promise to repay, or return, the thing borrowed, to wit, scrip,—and that an action of debt would not lie, for recovery of scrip, it being an action for the recovery of a debt *eo nomine*, and *in numero*.—1 *Chitty's P*. 123. On the other hand, it is contended, that debt may be maintained, inasmuch as debt will lie, whenever indebitatus assumpsit will.—Authority relied on, 1 *Tidd's P*. 3. There is no doubt of this fact. But the more important question, to be settled, is, whether an action of indebitatus assumpsit would lie, upon this instrument. The doctrine, contained in 1 *Tidd's P*. 2, is, that indebitatus assumpsit is the proper remedy, for the recovery of money, for a precedent debt, as for the sale of goods, &c. and the action of debt will also lie, in all similar cases. But will it lie, in a case like the present, when the instrument, declared on, shews nothing more than that defendant had borrowed of plaintiff a quantity of scrip, which the law would imply he was bound to return, and that his failure to do so would constitute such a breach of said implied contract, as would entitle plaintiff to his action against him, but not an action of indebitatus assumpsit, for a precedent debt, but what is termed a special action of assumpsit, for the non performance of an act, which he was legally bound to perform ? And I find it stated in

[Farrar *vs.* Baber.]

2. *Chitty's P.* 277, *note*, that stock in the public funds cannot be recovered, in an action of indebitatus assumpsit, as money lent, but the lender must declare, specially, upon the promise to replace it.— Authorities cited, 5 *Burr*, 25, 89; 2 *Bla. R.* 684; 1 *East*, 1. And in the same note, it is stated, that, on failure to replace stock, the measure of damages is the price, at the day when it ought to have been replaced, or at the trial, at the option of the plaintiff. Then, according to these authorities, neither debt, nor indebitatus assumpsit, will lie, on this instrument. But there is another objection to the declaration, which, I consider, is entitled to great weight : that is, that it does not contain any sufficient breach. The promise, which the law raises, by implication, from the act of borrowing, is that defendant would return the thing borrowed, to-wit, the scrip ; and the breach, assigned in the declaration, is, that defendant had failed to pay the money. The breach of the contract, being essential to the cause of action, must in all cases be stated in the declaration.—1 *Chitty's Pl.* 365. I am therefore of opinion, that the declaration is defective, on this ground.

This brings us to the consideration of the second proposition, to-wit, whether defendant could avail himself of said exceptions, at that stage of the case. Our rule of Court says, that upon opening a judgment by default, the defendant shall plead instanter, to the merits of the action. Now, what are we to understand by this rule? That defendant is obliged to go to trial, on the merits, notwithstanding the declaration may be radically defective ? or, simply, that he cannot plead in abatement ? Judge Gould, in his Pleading, says, " a default cures no defect, in the delaration, which would " not have been aided, on general demurrer, for no fact can be pre- " sumed to have been proved, when no trial has been had, and no " proof exhibited ; and therefore a motion in arrest of judgment, for " the insufficiency of the declaration, after a default, operates precisely " as a general demurrer, to the declaration, would have operated." A general demurrer goes to matter of substance only, and not to matter of form ; and it is stated in *Gould's Pl.* 467, that " if the " matter pleaded be, in itself, insufficient, without reference to the " manner of pleading it, the defect is substantial." Now, let us apply this rule, to this case. Here is an action of debt, brought for a sum of money, which, it is alleged, defendant owed the plaintiff,

[Farrar *vs.* Baber.]

when it should have been a special action of assumpsit, for the recovery of damages, for a breach of the contract, in not returning the scrip borrowed. Again, the plaintiff's right of action mainly arose, from the breach of said implied contract, in not returning the scrip, and no such breach is alleged, in the declaration. It is stated in *Gould's Pleading*, 34, that "after a general imparlance, the defend-"ant can plead, only to the merits, or, in legal phrase, to the action, "and is, of course, precluded from pleading to the jurisdiction of the "Court, the disability of the plaintiff to sue, or the form of the writ." This rule is equally applicable to a case, where the default is opened; and this is the true distinction, that defendant cannot plead in abatement, but must plead to the merits. But, it can not be contended, that, because he can not plead in abatement, the plaintiff has the right to recover, in a declaration, which is wholly defective, not in form only, but in substance. Suppose a party were to bring an action of trover, and allege no conversion, could not the defendant avail himself of this defect, in the declaration, by way of demurrer, upon opening a default? I think so, most clearly. I am, therefore, of opinion, that the declaration, in this case, is so defective, that if a recovery had been had upon it, the judgment might have been arrested; and that defendant, therefore, had the right, to avail himself of said defects, by way of demurrer, upon opening the default, and that the Inferior Court did not err, in awarding a non-suit, in said case.

It is therefore ordered, that the Certiorari be dismissed, and the proceedings in the Court below affirmed.